# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTOPHER GEORGE HAMILTON,**

      **Plaintiff,**

v.                                      Civil Action No. 3:22-CV-22
                                                       (KLEEH)

**JEFFERSON COUNTY SHERIFF DEPARTMENT,**
**G. W. KILMER,**
**RAMEY'S TOWING, and**
**CORPORAL FLETCHER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On February 22, 2022, the *pro se* Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1.[1]  Previously, Plaintiff was arrested in Jefferson County, West Virginia, where he contends his civil rights were violated.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review.  For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice for failure to state a claim.

---

[1] All ECF number cited herein are in 3:22-CV-22, unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Plaintiff's Complaint

Plaintiff's complaint alleges he was arrested on August 4, 2018, in Jefferson County, West Virginia, and charged with driving under the influence. ECF No. 1 at 4. Plaintiff claims that he wasn't operating a vehicle at the time he was arrested, and thus officers did not have probable cause to arrest. Id. Further, Plaintiff asserts that when officers arrived, he was asleep in the backseat of his car.[2] However, the ignition was off, and the ignition key was on the front passenger side floorboard.

Plaintiff does not assert specific physical injuries, but instead asserts that he has been injured by loss of his commercial driver's license and the resulting loss of income. Id. at 5. For relief, Plaintiff requests that the Court grant him one million dollars in damages. Id. at 6.

## III.     LEGAL STANDARD

### A.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

---

[2] The Plaintiff contends the welfare check was prompted because he had been sleeping in the back seat of his car for an hour and a half.

2

by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)³ is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

"While the courts liberally construe *pro se* pleadings as a matter of course . . ., judges are not also required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417- 18 (7th Cir. 1993) (quoting Haines v. Kerner).

### B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

---

³ The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id.  "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."  Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit:

> set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(internal citations omitted).  The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of

4

(2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

## IV. ANALYSIS

### A. The Statute of Limitations Bars All Claims Against the Defendants

Section 1983 does not contain an express statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims, see Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Baltimore City State's Attorney Office, 767 F.3d 379, 388 (4th Cir. 2014), and its corresponding tolling rules. Thus, timeliness of an action is determined based upon the relevant state limitations period for personal injury actions.

W.Va. Code § 55-2-12(b) provides:

> Every personal action for which no limitations is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall accrued if it be for damages for personal injuries; and (c) within one year or next after the right to bring the same shall have accrued if it be for any other matter of such a nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

In this case, the plaintiff's claims are clearly outside the two-year applicable statute

5

of limitations.  The complaint clearly states that the plaintiff's rights were alleged to have been violated at the time he was arrested on August 4, 2018.  ECF No. 1 at 5.  Plaintiff asserts that on that date he was unlawfully arrested for DUI, despite being found asleep in the rear seat of his vehicle and while the car keys were located on the front passenger side floorboard.  Id.  Given that the Plaintiff alleges that the violations of his rights, occurred on August 4, 2018, it is clear that he was aware of his claim on that date.  However, Plaintiff did not initiate this action until February 22, 2022, more than three years, and six months after his arrest.  Because more than two years elapsed after the Plaintiff's arrest but before Plaintiff filed suit, it is clear that Plaintiff's claims, regardless of any merit, are barred by the two-year statute of limitations.[4]

### B.  Improperly Named Defendants

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted as to Defendants Jefferson County Sheriff['s] Department and Ramey's Towing.  Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights."  Wyatt v. Cole, 504 U.S. at 161.  Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right.  Gomez, 446 U.S. at 640.

---

[4] Plaintiff's complaint and attachments do not address the statute of limitations, including any discussion of whether the statute bars his claims, or should be tolled to permit him to pursue his claims.  Further, the Court notes that Plaintiff does not describe any continuing violation of his rights which might constitute a continuing tort which would toll the statute of limitations.  DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018).  However, in West Virginia, "A prosecution for a misdemeanor shall be commenced within one year after the offense was committed."  W. Va. Code § 61-11-9.  Accordingly, the prosecution of Plaintiff for DUI would have had to commence with one year after the offense was committed.  Plaintiff's arrest on August 4, 2018, commenced his prosecution.  Thus, the matter would necessarily have had to been completed by August 4, 2019.  Plaintiff did not file suit in the instant matter until more than two years and six months after that date.

6

Plaintiff named two defendants, the county sheriff's department and company which towed his vehicle, neither of which are individuals.  Further, Plaintiff fails to describe with specificity as to how either those defendants violated his Constitutional rights.  "Liability under § 1983 is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d. 391, 402 (4th Cir. 2001) (internal citation omitted).  Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).  Plaintiff must demonstrate personal involvement on the part of each defendant and a causal connection to the harm alleged must be shown.  See  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).  However, as to these two Defendants, neither is an individual state actor.  Accordingly, Plaintiff fails to state a claim upon which relief may be granted as to Jefferson County Sheriff['s] Department or Ramey's Towing, and those Defendants should be dismissed with prejudice.

For all the above reasons, it appears that Plaintiff has failed to state a claim against any named Defendant.  Therefore, because Plaintiff has failed to state a claim this complaint should be dismissed with prejudice.

### V.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Plaintiff's motion for leave to proceed without prepayment of fees [ECF No. 2] be **TERMINATED** as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this

Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: June 28, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE